J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:    jsstreet@ip-law-hawaii.com

DANE ANDERSON    9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:    dane@andersonlawhawaii.com

Attorneys for Plaintiff
PACIFIC STOCK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVERING HIDDEN HAWAII TOURS, INC., a Hawaii Corporation, dba DISCOVER HAWAII TOURS; LEO A. M. MALAGON III, an individual; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. 15-00091<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"C" |

# COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff PACIFIC STOCK, INC., by its attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for its complaint alleges as follows:

## PARTIES

1. Plaintiff PACIFIC STOCK, INC. ("Plaintiff") is a corporation registered in the State of Hawaii with its principal place of business in Honolulu, Hawaii.

2. Upon information and belief, Defendant DISCOVERING HIDDEN HAWAII TOURS, INC. is a for-profit corporation registered in the State of Hawaii, with its principal place of business in Honolulu, Hawaii, and is doing business as DISCOVER HAWAII TOURS.

3. Upon information and belief, Defendant LEO A. M. MALAGON III is a natural person residing in the State of Hawaii and is the president and sole director of Defendant DISCOVERING HIDDEN HAWAII TOURS, INC.

4. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and

identities are presently unknown to Plaintiff, except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or its attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through *inter alia*, interview of Plaintiff and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## **JURISDICTION AND VENUE**

5.  This is an action for preliminary and permanent injunctive relief and damages arising from Defendant DISCOVERING HIDDEN HAWAII TOURS, INC.'s and Defendant LEO A. M. MALAGON III's (collectively referred to as "Defendants") copyright infringements in violation of the United States

Copyright Act, 17 U.S.C. §§ 101 *et seq*. and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

8. Defendants are doing business in the State of Hawaii as a tour company under the business name DISCOVER HAWAII TOURS.

9. Defendants manage and control a commercial website, at http://www.discoverhawaiitours.com/, where customers can view information on Defendants' tour company and services offered, purchase online reservations of tours and activities, or "connect" with Defendants' business by clicking on hyperlink icons to be directly routed to Defendants' social media commercial web pages on Pinterest.com or Tumblr.com.

10. Defendants manage and control a commercial web page on Pinterest.com, at http://www.pinterest.com/discoverhawaii/, to advertise and promote their tour company as "A tour operator you can count on (for quality pins and tours, of course!)," and to encourage users of their Pinterest.com commercial web page to navigate to their commercial website, or click on a provided hyperlink

4

to be directly routed to their commercial website, to purchase online reservations of tours and activities.

11. Defendants manage and control a commercial web page on Tumblr.com, at http://discoverhawaiitours.tumblr.com/, to advertise and promote their tour company and to encourage users of their Tumblr.com commercial web page to navigate to their commercial website, or click on a provided hyperlink to be directly routed to their commercial website, to purchase online reservations of tours and activities.

12. The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographic works at issue are duly registered with the United States Copyright Office.

13. There are fifteen (15) photographic works at issue in this case, which were created by several photographers, all of whom have assigned by written assignment ownership of all rights, title, and interest in the copyrights to their respective photographic works at issue to Plaintiff.

14. The title, copyright registration number issued by the United States Copyright Office, and photographer(s) for each photographic work at issue is as follows:

| Image No. | Registration No. | Photographer(s) |
|---|---|---|
| 10242-90082-66 | VA 1-390-197 | Ron Dahlquist |
| 10242-30154-41 | VA 1-058-371 | Dana Edmunds |
| 10067-31212-16 | VA 1-249-916 | Tomas Del Amo |
| 10242-90001-16 | VA 1-277-270 | Tomas Del Amo |
| 10067-90025-69 | VA 1-330-972 | Sri Maiava Rusden |
| 10040-31060-28 | VA 1-293-581 | Mary Van de Ven |
| 10242-90083-66 | VA 1-390-197 | Ron Dahlquist |
| 10366-90122-66 | VA 1-430-015 | Ron Dahlquist |
| 10028-80006-16 | VA 1-383-642 | Tomas Del Amo |
| 10772-90109-15 | VA 1-654-495 | Monica & Michael Sweet |
| 10040-31146-41 | VA 1-249-916 | Dana Edmunds |
| 10324-90003-66 | VA 1-378-581 | Ron Dahlquist |
| 10001-30393-41 | VA 1-321-491 | Dana Edmunds |
| 10024-02507-43 | VA 1-785-054 | William Waterfall |
| 10026-90064-66 | VA 1-797-488 | Ron Dahlquist |

15.     Plaintiff has a continuing interest in the licensing of the photographic works in its collection and in the enforcement of its copyrights, and Plaintiff incurred substantial time and expense in marketing the licensing of the photographic works at issue for commercial and other uses. Each of the photographers invested substantial time and expense in creating their respective photographic works at issue.

16.     In mid-2014, Plaintiff learned that Defendants were using thirteen (13) of the fifteen (15) photographic works at issue on their Pinterest.com and Tumblr.com commercial web pages, described in paragraphs 10 and 11, a total of at least thirty (30) different times, as follows:

Image No. **10242-90082-66** was used at least four (4) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/oahu-the-gathering-isle/
http://www.pinterest.com/pin/61854194857668816/
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/97196164870/kaneohe-bay-is-the-largest-bay-on-the-island-of

Image No. **10242-30154-41** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/oahu-the-gathering-isle/
http://www.pinterest.com/pin/61854194853632830/

Image No. **10067-31212-16** was used at least two (2) times at:

*Page URLs:*
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/96582872284/what-to-do-on-your-oahu-vacation

Image No. **10242-90001-16** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194853669563/

Image No. **10067-90025-69** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194853626491/

Image No. **10040-31060-28** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194857635311/

Image No. **10242-90083-66** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194854480512/

Image No. **10366-90122-66** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194853278500/

Image No. **10028-80006-16** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194853278484/

Image No. **10772-90109-15** was used at least four (4) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194853066391/
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/28072206443

Image No. **10040-31146-41** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194852656105/

Image No. **10324-90003-66** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194852484265/

Image No. **10001-30393-41** was used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194852918526/

These photographic works at issue were used by Defendants, some for at least two (2) years, without obtaining licenses or consent from Plaintiff, thus violating the exclusive rights of Plaintiff as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. True and correct copies of these photographic works at issue registered with the United States Copyright Office alongside screenshots of Defendants' infringing uses of these photographic works at issue are attached hereto as Exhibit "A."

        17.    By letter of November 7, 2014, Plaintiff gave notice to Defendants of the copyright infringements, as described in paragraph 16, and attempted to resolve the claims with Defendants for their infringing uses in violation of Plaintiff's copyrights by requesting that Defendants pay a retroactive licensing fee for the photographic works at issue used on Defendants' Pinterest.com and Tumblr.com commercial web pages and that they cease and desist from any further infringing uses.

        18.    Following the cease and desist notice described in paragraph 17, Plaintiff discovered additional uses by Defendants of two (2) photographic works at issue on Defendants' Pinterest.com and Tumblr.com commercial web pages at issue, as follows:

Image No. **10067-90025-69** is being used at least two (2) times at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/pins/
https://www.pinterest.com/pin/61854194853386437/

Image No. **10001-30393-41** is being used at least two (2) times at:

*Page URLs:*
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/27779237153

These two (2) photographic works at issue continue to be used without obtaining licenses or consent from Plaintiff and in disregard of the notice of Plaintiff's copyrights and cease and desist demand; thus Defendants' continued uses in disregard of Plaintiff's cease and desist demand constitute willful copyright infringement in violation of the exclusive rights of Plaintiff as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. True and correct copies of these two (2) photographic works at issue registered with the United States Copyright Office alongside screenshots of Defendants' continuing infringing uses are attached hereto as Exhibit "B."

19. Following the cease and desist notice described in paragraph 17, Plaintiff discovered that Defendants were using two (2) additional photographic works on Defendants' Pinterest.com and Tumblr.com commercial web pages at issue, as follows:

Image No. **10024-02507-43** is being used at least six (6) times at:

*Page URLs:*
https://www.pinterest.com/discoverhawaii/
https://www.pinterest.com/discoverhawaii/pins/
https://www.pinterest.com/discoverhawaii/oahu-the-gathering-isle/
https://www.pinterest.com/pin/61854194857684180/
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/97433058677/the-diamond-head-lighthouse-is-a-short-drive-from

Image No. **10026-90064-66** is being used at least two (2) times at:

*Page URLs:*
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/100711133404/kaneohe-bay-is-the-largest-bay-on-the-island-of

These photographic works at issue are being used by Defendants without obtaining licenses or consent from Plaintiff, thus violating the exclusive rights of Plaintiff as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. True and correct copies of these photographic works at issue registered with the United States Copyright Office alongside screenshots of Defendants' infringing uses are attached hereto as Exhibit "C."

      20.    Where Plaintiff's copyrighted works are legitimately available for licensing, they are associated with copyright management information. Upon information and belief, Defendants intentionally removed copyright management information from association with the photographic works at issue for their commercial uses of those photographic works by publishing or displaying copies

11

of those photographic works knowing that the copyright management information had been removed without the authority of Plaintiff or the law, because all of the uses of the photographic works at issue on Defendants' Pinterest.com and Tumblr.com commercial web pages contained copies of those photographic works in high resolution without Plaintiff's copyright management information.

21. Defendants provided, distributed, or associated their own false copyright management information on their uses of Plaintiff's Image No. **10324-90003-66** (the uses described in paragraph 16), without Plaintiff's authority or the authority of the law, knowing that Defendants did not own that photographic work. A true and correct copy of that photographic work registered by Plaintiff along with a copy of a screenshot of Defendants' infringing use with Defendants' own false copyright management information on their infringing use are shown in Exhibit "A."

22. Defendant LEO A. M. MALAGON III is vicariously liable for the infringing activity, removal of copyright management information associated with the photographic works at issue, and/or association of false copyright management information with the photographic works at issue, as described herein, because Defendant LEO A. M. MALAGON III, who is the president and sole director of Defendant DISCOVERING HIDDEN HAWAII TOURS, INC. enjoys a direct financial benefit from, and has the right and ability to supervise or

control, the infringing activity and/or removal of copyright management information associated with the photographic works at issue and/or association of false copyright management information with the photographic works at issue on Defendants' Pinterest.com and Tumblr.com commercial web pages.

        23.    Defendants' uses of copies of Plaintiff's photographic works at issue on their Pinterest.com commercial web page, absent Plaintiff's copyright management information, have contributed to widespread distribution of those infringing uses absent Plaintiff's copyright management information.  Defendants' Pinterest.com commercial web page has been visited by numerous users and has over 2,900 "followers" (users who clicked "Follow" on Defendants' Pinterest.com commercial web page).  Copies of Defendants' uses at issue, when posted, were automatically distributed to its followers for viewing and further distribution by those followers.  Furthermore, any user can/could easily distribute Defendants' uses at issue among other users by clicking on the "Pin it" button or "Like" button associated with Defendants' uses as they appear/appeared on Defendants' Pinterest.com commercial web page, or users can/could distribute Defendants' uses among the millions of users of social media website Facebook.com by clicking on the "share" button associated with Defendants' uses at issue.  Each "Pin it" or "Like" or "share" click by a user causes Defendants' uses of those photographic works to be distributed to other users or promotes Defendants' Pinterest.com

commercial web page or their business as the origin and owner of those photographic works.

24. Defendants' uses of copies of Plaintiff's photographic works at issue on their Tumblr.com commercial web page, absent Plaintiff's copyright management information, have contributed to widespread distribution of those infringing uses absent Plaintiff's copyright management information. Users can easily distribute Defendants' uses of Plaintiff's photographic works among other Tumblr.com users by clicking on the "Reblog" button or "Like" button associated with those uses as they appear on Defendants' Tumblr.com commercial web page. Each "Reblog" or "Like" click by a user causes Defendants' uses of those photographic works to be distributed to other users or promotes Defendants' Tumblr.com commercial web page or their business as the origin and owner of those photographic works. Furthermore, copies of Defendants' uses at issue, when posted, were automatically distributed to its followers (users who clicked "follow" on Defendants' Tumblr.com commercial web page) for viewing and further distribution by those followers. Defendants' Tumblr.com commercial web page has been visited by numerous users and Defendants' uses of Plaintiff's photographic works have been reblogged or liked by other users, leading to potentially thousands more users viewing and/or continually reblogging

Defendants' infringing uses absent any copyright management information attributable to Plaintiff.

25. Plaintiff and Defendants were unable to resolve this matter, thus necessitating legal action.

### FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENTS

26. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-25 as if fully stated herein.

27. Plaintiff has all rights, title, and interest in the copyrights to the photographic works at issue as holder of the copyrights, the uses of which have not been licensed to Defendants.

28. Defendants have misappropriated fifteen (15) of Plaintiff's copyrighted photographic works with knowledge that these photographic works at issue did and do not belong to Defendants, Defendants made no attempt to obtain permission or license from anyone, and Defendants continue to use four (4) of Plaintiff's copyrighted photographic works in disregard of Plaintiff's notice of copyrights and demand that Defendants cease and desist; Defendants thereby willfully engaged in and continue to willfully engage in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted photographic works on their Pinterest.com and Tumblr.com commercial web pages.  Defendants' acts constitute

willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* for which they are directly, contributorily and/or vicariously liable.

29. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

30. Defendants' unlawful use of copies of Plaintiff's original photographic works without license has diminished the value of the original photographic works by diluting the market and destroying the distinctiveness of the photographic works and their identity as being the exclusive property of Plaintiff.

31. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to license Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of its own photographic works.

32. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which Plaintiff has no adequate remedy of law.

33. Defendants, by their unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of

unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

34. Because Defendants used Plaintiff's copyrighted photographic works without license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

35. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

36. Plaintiff is entitled to recover from Defendants the damages it has sustained as a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of copyright infringement.

37. Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

38. Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their infringements of Plaintiff's copyrights.

39. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

40. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-39 as if fully stated herein.

41. Defendants have intentionally removed or altered copyright management information from association with Plaintiff's fifteen (15) photographic works at issue for their said uses, or distributed those photographic works at issue knowing that Plaintiff's copyright management information had been removed or altered, and, in addition, associated, distributed or provided their own false copyright management information with their use of one (1) of Plaintiff's photographic works at issue, without the authority of Plaintiff or the law, knowing, or having reasonable grounds to know, that the removal or alteration, distribution, or false association, distribution or provision would induce, enable, facilitate, or conceal infringement of copyright.

42. Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

43. Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

44. Plaintiff is entitled to recover from Defendants the actual damages suffered by Plaintiff and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

45. Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of 17 U.S.C. § 1202.

46. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PACIFIC STOCK, INC. prays:

A. That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing Plaintiff's

photographic works, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

      C.    That Defendants be required to pay such damages as Plaintiff has sustained and any profits Defendants have gained in consequence of Defendants' unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

      D.    That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

      E.    That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, March 20, 2015.

/s/ J. Stephen Street
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
PACIFIC STOCK, INC.